UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:20-cv-00285-MOC-WCM

| | |
|---|---|
| **DUSTIN NORTON**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) ORDER |
| | ) |
| **KILOLO KIJAKAZI**, | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on the Plaintiff's Motion for Fees Pursuant to the Equal Access to Justice Act ("EAJA"). (Doc. No. 20); see 28 U.S.C. § 2412(d)(1)(A). Plaintiff seeks fees in the amount of $10,089.52 for hours worked and costs of $421.15. (Doc. No. 21 at 5; Doc. No. 21-2). Defendant has filed a Response. (Doc. No. 23). Defendant does not contest that Plaintiff is entitled to an award under EAJA, nor does Defendant contest that Plaintiff is entitled to his request for costs in full. (Id. at 1). However, Defendant argues that Plaintiff's petition includes tasks that are noncompensable and, as a result, argues that Plaintiff is only entitled to $6,772.85. (Id. at 5). Plaintiff has filed a Reply to Defendant's Response. (Doc. No. 24).

EAJA provides that parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was substantially justified in its litigation position. 28 U.S.C. § 2412(d)(1)(A). To establish eligibility for an award under the act, the claimant must show that he is (i) the prevailing party; (ii) that the government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. See Crawford v. Sullivan, 935 F.2d 655, 656 (4th Cir. 1991).

"Once the district court determines that a plaintiff has met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the task of determining what fee is reasonable." Hyatt v. Barnhart, 315 F.3d 239, 253 (4th Cir. 2002). EAJA provides for an award of "reasonable" attorney's fees. 28 U.S.C. § 2412(d)(2)(A). Thus, a fee should be based on a reasonable number of hours at a reasonable hourly rate. See Hyatt, 315 F.3d at 248. The party seeking fees under EAJA should submit evidence supporting the hours worked and rates claimed. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The fee applicant bears the burden of establishing the reasonable time expended as well as a reasonable hourly rate. Hyatt, 315 F.3d at 253; Harlan v. Colvin, No. 3:12-cv-443-GCM-DCK, 2014 WL 1632931, at *2 (W.D.N.C. Apr. 23, 2014). Other relevant factors include (1) the novelty and complexity of the issues presented, (2) the experience and skill of the attorney, and (3) the typical range of compensated hours in a particular field. Miles v. Colvin, 2014 WL 1309293, at *1 (E.D.N.C. July 24, 2014); Dixon v. Astrue, 2008 WL 360989, at *4 (E.D.N.C. Feb. 8, 2008); Bunn v. Bowen, 637 F. Supp. 464, 469 (E.D.N.C. 1986).

Defendant opposes Plaintiff's petition, arguing that the request includes tasks that are non-compensable, some compensable tasks are billed together with non-compensable tasks, and because some tasks are redundant. (Doc. No. 23). The Court agrees with Defendant that preparing the medical index is a clerical task that is noncompensable at attorney billing rates and will therefore reduce time billed for this purpose by fifty percent, as Defendant requests, in keeping with the Court's approach in previous cases. However, the Court disagrees that the work done by Plaintiff's attorneys to edit and review their briefs is redundant, and the Court especially disagrees with Defendant's argument that Plaintiff's counsel should not have sought feedback on his work

from his colleague because he had 35 years of experience. Therefore, the Court will award an amount of fees in between the amounts proposed by the parties.

Plaintiff billed 4 hours on June 3, 2021 for various tasks, including "setting up medical index." (Doc. No. 21-2). Plaintiff billed 6.82 hours on June 4, 2021 and 8 hours on June 7, 2021 for "Reviewing medical records and synopsizing them for the index." (Doc. No. 21-2). On June 8, 2021, Plaintiff billed 8 hours for various tasks, including "Finish review of medical records and synopsizing them for index." (Doc. No. 21-2). Thus, Plaintiff billed a total of 26.82 hours for tasks that included drafting a medical index. (Doc. No. 21-2). Neither the Local Rules nor this Court's scheduling order require a medical index to be filed with the summary judgment memorandum. Yet, Plaintiff's Memorandum in Support of Motion for Summary Judgement included a nearly 44-page index of the relevant medical evidence. (Doc. No. 13-1). This index does not include any formal legal analysis and is simply a recitation of the medical records located in the certified administrative record.

The Court has repeatedly held that the preparation of a medical index is a clerical task, which is not compensable. See Taylor v. Kijakazi, 3:20-cv-332-MOC, 2021 WL 5815830, at *2 (W.D.N.C. Dec. 7, 2021) (citing Mullis v. Kijakazi, No. 3:20-cv-00083-MR, 2021 WL 4391879, at *3 (W.D.N.C. Sept. 24, 2021) (finding that the preparation of the medical index is a "superfluous, 'clerical task, which is not compensable'") (quoting Thayer v. Saul, No. 3:19-cv00279-GCM, 2020 WL 4208061, at *2 (W.D.N.C. July 22, 2020))); Marler v. Saul, No. 3:20-cv00035-KDB, 2021 WL 2652949, at *2 (W.D.N.C. June 28, 2021); Hooper v. Saul, No. 3:20-cv00074-FDW, 2021 WL 2188240, at *2 (W.D.N.C. May 28, 2021). As the Court noted in Mullis, "the fact that the medical index is useful for completing legal work does not make the creation of the medical index a compensable task." 2021 WL 4391879, at *3. A prevailing party may recover

fees only for work that is traditionally done by an attorney. See Jean v. Nelson, 863 F.2d 759, 778 (11th Cir. 1988). See also Gibby v. Astrue, 2012 WL 3155624, at *2 (W.D.N.C. Aug. 2, 2012) (purely clerical activities are not compensable under the EAJA and should be considered "overhead").

Additionally, in the entries discussed above, Plaintiff does not separate the time spent preparing the medical index (which is a clerical task), from the time spent reviewing the medical records and drafting the brief, which are compensable tasks. (Doc. No. 21-2). See Gibby, 2012 WL 3155624, at *6 ("[The] court may discount requested hours if [the] attorney failed to keep meticulous time records disclosing how time was allotted to specific tasks.") (citing Robinson v. City of Edmond, 160 F.3d 1275, 1281 (10th Cir. 1998)). This Court recently struck the requested hours when the medical index, which is a clerical task, was included in block billing entries, noting that the Court was unable to determine how many of the hours were devoted to clerical tasks. See Marler, 2021 WL 2652919, at *2; Hooper, 2021 WL 2188240, at *2. Similarly, the Court also recently reduced by fifty percent the time entries that included both compensable and clerical tasks. See Taylor, 2021 WL 5815830, at *2. Therefore, the 26.82 hours billed from June 3, 2021 to June 8, 2021 will be reduced by fifty percent to 13.41 hours. This amounts to a reduction of $2,924.99 in legal fees.[1]

Defendant further notes that attorney Sarnoff billed 36.32 hours for various tasks related to drafting the summary judgment memorandum, including 1.5 hours for tasks that included "editing." (Doc. No. 23 at 4) (citing (Doc. No. 21-2)). Attorney Piemonte then billed an additional .95 hours on June 15, 2021 to "[r]eview, edit, and finalize district court brief." (Id.). Attorney

---

[1] During this time period, Plaintiff's billing rate was $218.12. (See Doc. No. 21-2). A reduction of 13.41 hours therefore amounts to a reduction of $2,924.99. 13.41 x $218.12 = $2,924.99.

Sarnoff billed 6.82 hours for various tasks related to drafting the reply brief, including 2 hours for tasks that included "editing." (Id.). Attorney Piemonte then billed an additional .85 hours to "Review, edit, and finalize district court response brief." (Id. at 4–5). Defendant argues that these 1.8 hours should be denied because they are redundant and excessive, as attorney Sarnoff already billed time to prepare and edit the brief. (Id. at 5) (citing Hassan v. Kijakazi, No. 5:19-cv-00125MR-WCM, 2021 WL 3878279, at *3 (W.D.N.C. Aug. 27, 2021); Trim v. Astrue, No. 2:09-cv-30, 2012 WL 1340671, at *3 (W.D.N.C. Apr. 18, 2012)). In addition, Defendant argues that the 1.8 hours billed by Attorney Piemonte to review Attorney Sarnoff's work should be reduced to zero hours because "Sarnoff is a seasoned attorney with 35 years of experience with significant experience in Social Security Disability" and "[s]uch experience should not require the attention of additional oversight from another attorney." (Id.).

The Court disagrees. The Court evaluates petitions for attorneys' fees under EAJA on a case-by-case basis and does sometimes conclude, as in the cases cited by Defendant, that review of one attorney's work by another is redundant and therefore not compensable. However, the Court in no way imposes a strict rule against such review. In the practice of law, it is common and often desirable for attorneys to review each other's work to provide feedback. Even the most seasoned lawyers can sometimes benefit from an additional perspective and a fresh set of eyes on their work. In this case, the amounts billed by Plaintiff's counsel appear to be reasonable.

Therefore, the Court will grant Plaintiff's requested legal fees after subtracting the deduction related to preparation of the medical index, discussed above. The Court finds that Plaintiff is entitled to $7,164.53 in legal fees,[2] in addition to the uncontested $421.15 in costs.

---

[2] This is the amount sought by Plaintiff, minus the deduction attributable to a fifty percent reduction in hours related to the medical index. $10,089.52 – $2,924.99 = $7,164.53.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Fees Under the Equal Access to Justice Act 28 U.S.C. § 2412(d)(1)(A) filed is **GRANTED**, to the extent that the Court will award attorney fees in the amount of $7,164.53 and costs in the amount of $421.15, and that pursuant to Astrue v. Ratliff, 560 U.S. 586 (2010), the fee award will first be subject to offset of any debt Plaintiff may owe to the United States.

The Commissioner will determine whether Plaintiff owes a debt to the United States. If so, the debt will be satisfied first, and if any funds remain, they will be made payable to Plaintiff and mailed to Plaintiff's counsel. If the United States Department of the Treasury reports to the Commissioner that the Plaintiff does not owe a federal debt, the government will exercise its discretion and honor an assignment of EAJA fees and pay the awarded fees directly to Plaintiff's counsel. No additional petition pursuant to 28 U.S.C. § 2412(d) shall be filed.

Signed: April 5, 2022

*[Signature]*

Max O. Cogburn Jr.
United States District Judge